**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Barbara Craig,

        Plaintiff,

                                     Case Number: 1:19-cv-00764

vs.

                                     Judge Michael R. Barrett

Andrew Saul,
Commissioner of
Social Security,

        Defendant.

## ORDER

This matter is before the Court on the Magistrate Judge's August 20, 2020 Report and Recommendation ("R&R") that the Court affirm the Commissioner of Social Security's ("the Commissioner") decision. (Doc. 22).

When objections are received to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1). The parties received proper notice pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff filed a timely response to the Magistrate Judge's R&R. (Doc. 23).

The Magistrate Judge completed a comprehensive review of the record and facts and the same will not be repeated here. The Magistrate Judge summarized Plaintiff's assignment of errors regarding the Administrative Law Judge's ("ALJ") July 2018 decision: (1) that the ALJ failed to fully develop the record—by failing to obtain both

assistance from a medical expert regarding the ALJ's Listing 3.02A determination and a

consultative examination regarding Plaintiff's pulmonary function status—and (2) that the

ALJ erred when she determined that Plaintiff has the residual functional capacity ("RFC")

for light work. (Doc. 22 PageID 1515). The Magistrate Judge found that "the ALJ

adequately developed the record without the opinion of a medical expert or a pulmonary

consultative examination," "[t]he ALJ's decision that [P]laintiff had an RFC for a range of

light work with restrictions is supported by substantial evidence," and, consequently,

Plaintiff's two assignments of errors should be overruled. (*Id.* PageID 1526, 1531). In

response to the Magistrate Judge's R&R, Plaintiff reiterates her two assignments of errors

regarding the ALJ's July 2018 decision, but does not cite or provide any specific

objections to the Magistrate Judge's findings in the R&R. (Doc. 23).

   "A general objection, or one that merely restates the arguments previously

presented is not sufficient to alert the court to alleged errors on the part of the magistrate

judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 748 (E.D. Mich. 2004). "An 'objection' that

does nothing more than state a disagreement with a magistrate's suggested resolution,

or simply summarizes what has been presented before, is not an 'objection' as that term

is used in this context." *Id.* Here, Plaintiff's objections are essentially the same arguments

that she made in her Statement of Errors and Memorandum. *Compare* (Doc. 23), *with*

(Docs. 12, 21). Plaintiff's reiterations of her prior arguments, and failure to present specific

objections regarding the Magistrate Judge's R&R, are not useful in resolving this matter.

*See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)

(explaining that general disagreements with the Magistrate Judge fall short of Plaintiff's

obligation to make specific objections to an R&R); *see Aldrich*, 327 F.Supp.2d at 747.

After a de novo review of the filings in this matter, the Court finds that the Magistrate Judge adequately addressed the parties' arguments and correctly determined that the Commissioner's decision should be affirmed. *See* FED. R. CIV. P. 72(b)(3). Plaintiff's repetitive arguments and general objections do not persuade the Court otherwise, and the Court will adopt the Magistrate Judge's R&R in its entirety.

Based on the foregoing, it is hereby **ORDERED** that the Court **ACCEPTS and ADOPTS** the Magistrate Judge's August 20, 2020 R&R in full. (Doc. 22).  Accordingly, the decision of the Commissioner is **AFFIRMED**, and this matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court